IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Al Yafie, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents/Defendants.* | )<br>)<br>)<br>)<br>) Civil Action No. 05-2399<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioner Al Yafie and Petitioner Al Bihani, together with their Next Friends, in order to be able to meet and confer and communicate with counsel, request entry of the Amended Protective Orders as set forth in the accompanying Memorandum in Support of Petitioners' Motion.[1]

Dated: March 21, 2006

                                        Respectfully submitted,

                                        Baker & McKenzie

                                        By:

                                        _____/s/_____
                                        George M. Clarke III
                                        815 Connecticut Avenue, N.W.
                                        Washington, D.C. 20006-4078
                                        t. 202-452-7068

                                        Counsel for Petitioners

---

[1] This motion is properly referred to Magistrate Judge Alan Kay for consideration pursuant to the Order of the Calendar and Case Management Committee, Kessler, J., Chair (hereinafter "Kessler Order"), referring "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" for resolution pursuant to LCvR 72.2(a), as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel." Kessler Order, Nov. 2, 2005.

## LOCAL CIVIL RULE 7(m) STATEMENT

      David Kronenberg, co-counsel with undersigned local counsel, spoke by telephone with Andrew Warden, the Department of Justice attorney handling logistical issues such as access to clients at Guantanamo. Mr. Warden informed Mr. Kronenberg that Respondents would oppose a motion for a protective order that would allow counsel to meet and confer with their clients.

                                                                /s/
                                          George M. Clarke III
                                          Counsel for Petitioners

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Al Yafie, *et al.*,
    *Petitioners/Plaintiffs*,

v.                                                Civil Action No. 05-2399

GEORGE W. BUSH, *et al.*,
    *Respondents/Defendants*.

## PETITIONERS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioners respectfully request that the Court enter in their cases the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Amended Protective Order").[2] Because the government will not permit counsel to have any contact whatsoever with their clients without this Protective Order, the Order is an absolute prerequisite for Petitioners to have access to their counsel and for counsel to have any meaningful ability to represent their clients.

This Protective Order was first issued on November 10, 2004 in the *In re Guantanamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and has since been entered in over 175 related *habeas* proceedings before this Court and the Courts of this District. *See, e.g., Khiali-Gul v. Bush*, No. 05-CV-877 (JR) (D.D.C. January 6, 2006)(Minute Order); *Al-Oshan v. Bush*, No. 05-533 (JG) (D.D.C., April 20, 2005); *Sliti v. Bush*, No. 05-429 (JG) (D.D.C., April 7, 2005).

---

[2] The Amended Protective Order includes the following orders entered in *In re Guantanamo Detainee Cases*: Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits II - IV.

1

By opposing in this case the entry of a Protective Order identical to that already in effect in so many related cases, Respondents are attempting to disrupt and delay Petitioners' access to and communications with their attorneys. This Court has found, however, that Petitioners' access to their attorneys is not a matter of government discretion. *Al Odah v. United States*, 346 F. Supp. 2d 1, 10 (D.D.C. 2004).

Our Supreme Court stated, in regard to attorney-client privileged communcations, that "sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (U.S. 1981). As the Supreme Court observed, it is not only a client's rights that are at stake when attorney-client communication is disrupted -- it is also the attorney's ethical obligation to ascertain fully the facts of the client's situation, which an attorney cannot do if communications are hindererd. *Id.* at 390-391 (quoting ABA Code of Professional Responsibility, Ethical Consideration 4-1) ("A lawyer should be fully informed of all the facts of the matter he is handling [in order to serve his client fully.]" Without a Protective Order, counsel are prohibited from meeting, talking with, or exchanging legal mail with Petitioners and are therefore unable to fulfill their ethical duty to represent their clients. Counsel for Petitioners cannot become fully informed of all the facts about their clients unless they can communicate with them, and for this the Protective Order is a necessity as it is a condition imposed by the government upon any and all such communications. Entry of the Amended Protective Order will simply afford the undersigned counsel the same opportunities already provided to counsel in other pending Guantanamo Bay detainee cases to visit Petitioners at Guantanamo Bay and to communicate with their clients by way of the legal procedures outlined in the Order.

Pursuant to Local Civil Rule 7(m), David Kronenberg, co-counsel to the undersigned counsel for petitioners, conferred with respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion.

2

The government merely points to the existence of the recently-enacted Detainee Treatment Act to justify its opposition to the Protective Order. But nothing in the DTA speaks to this subject – whether detainees have the right to continue an attorney-client relationship that was established prior to passage of the Act – and it is unlikely that the Act could be read to revoke an attorney-client relationship. Even if the Act had anything to say about the validity of an attorney-client relationship or the mechanics of communications within that relationship, however, Petitioners would still require the services of their attorneys to test the government's position, and therefore would need to communicate with their counsel even if the government's position had any support in the Act. The Protective Order is therefore necessary and appropriate under any scenario.

A proposed Order is attached as Exhibit I, and the Amended Protective Order and Revised Procedures for Counsel Access, the Memorandum of Understanding regarding access to classified national security information, and an Acknowledgment form for the protective order, are all attached as Exhibit II. Although Petitioners are moving for entry of the Amended Protective Order, they reserve the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected" or otherwise, as may be appropriate.

Dated: March 21, 2006

        Respectfully submitted,

        Baker & McKenzie

        By:

        _____/s/_____
        George M. Clarke III
        815 Connecticut Avenue, N.W.
        Washington, D.C. 20006-4078
        t. 202-452-7068

        Counsel for Petitioners