IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALKHADR ABDULLAH AL YAFIE, *et al.*, | ) ) ) ) |  |
| Petitioners, | ) ) |  |
| v. | ) ) | Civil Action No. 05-CV-2399 (RJL) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) |  |
| Respondents. | ) ) |  |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioners' motion for entry of the protective order in this case (dkt. no. 10).

As an initial matter, the Department of Defense has identified petitioner Riyadh Ateek Ali Abdu Al Haj as the same individual who already has a habeas petition pending in Anam v. Bush, No. 04-CV-1194 (HHK). Thus, as reflected in the Notice of Multiple Petitions Filed by Guantanamo Bay Detainee (dkt. no. 3), the instant petition appears to be duplicative of a previously filed case as to petitioner Riyadh Ateek Ali Abdu Al Haj.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by

the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

      The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions. In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the

---

[1] Oral argument before the D.C. Circuit was held on March 22, 2006.

Act.[2]  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).[3]  Entry of the Protective Order would be an assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94

---

[2]  In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

[3]  Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 4), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.  Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered.  In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits entry of the Protective Order in this case.  See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

(1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Thus, entry of the Protective Order is not a matter independent of the jurisdictional question pending before the Court of Appeals.[4]

Finally, petitioners possess no separate right of access to counsel that warrants the application of the Protective Order to this action notwithstanding the jurisdictional infirmities present in this case. See Pets' Mot. at 2 ("This Court has found that, however, that Petitioners' access to their attorneys is not a matter of government discretion."). In Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8. Thus, contrary to petitioners' suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, Al Odah does not compel the relief requested by petitioners.[5]

---

[4] Although the petition filed on behalf of Alkhadr Abdullah Al Yafie is styled as a "next friend" petition, the "Acknowledgment of Representation" attached to the petition appears to be signed by Mr. Al Yafie, thereby constituting direct authorization of the petition by the detainee on whose behalf habeas relief is sought. Respondents, however, reserve the right to challenge the jurisdictional basis for this petition for lack of proper next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990), if questions arise as to the authenticity of Mr. Al Yafie's authorization of the filing of this petition on his behalf.

[5] Counsel also argue that the Court should enter the protective order in this case so as to purportedly enable counsel to comply with their own "ethical duty" to represent their clients. See Pets' Mot. at 2. Even if counsel's ethical obligations to their clients were an appropriate factor

\* \* \*

For these reasons, petitioners' motion for entry of the protective order should be denied.

Dated: May 30, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents

---

for the Court to consider in determining whether to enter the protective order in this action, it is of no consequence here given the Act's withdrawal of the Court's jurisdiction over this case, which prohibits the Court from granting any relief in this proceeding.