IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Al Yafie, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents/Defendants*. | Civil Action No. 05-cv-2399<br><br>Judge Richard J. Leon<br><br>Magistrate Judge Alan Kay |

**PETITIONERS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S MOTION FOR PROCEDURES RELATED TO
REVIEW OF DETAINEE MATERIALS**

Petitioners Al Yafie and Al Bihani ask this Court for additional time to respond to the government's motion for procedures to continue its unauthorized review of attorney-client privileged documents confiscated from detainees. Petitioners request this additional time in order for Petitioners' counsel to investigate whether the motion even applies to Petitioners in the first place. If the government, as its motion indicates, has already intruded on certain detainees' privileged documents by confiscating and reviewing them without notice to the Court or to the detainees' counsel, this would constitute a horrific breach of legal ethics. But in the absence of any specific facts alleged in the government's brief, Petitioners' counsel simply have no way of knowing whether the government's motion even applies to Al Yafie and Al Bihani. Furthermore, judicial mediation of the government's motion has already commenced.

Petitioners' counsel have not yet been granted access by the government to meet with their clients in person or to communicate with them via legal mail. Petitioners' counsel therefore do not know whether Al Yafie and Al Bihani have had any documents confiscated by the government, nor whether Al Yafie or Al Bihani possessed any documents that would qualify for the attorney-client privilege. If the government is not holding any of Al Yafie or Al Bihani's

1

documents, the government's motion is obviously inapplicable. If neither Al Yafie nor Al Bihani possessed any attorney-client privileged documents, the government's motion similarly does not apply. If they did possess such documents, and the government has seized such documents, Petitioners' counsel is certainly not authorized to take any action that would potentially affect their clients' privilege without first consulting with Petitioners. Petitioners therefore ask that the government's motion be stayed and held over for hearing until such time as Petitioners' counsel can ascertain whether the Motion applies to them at all, after counsel has had the opportunity to meet with them or use the legal mail system to communicate about this matter. Therefore, and in light of the fact that mediation of this matter has already begun, Petitioners ask for additional time to respond.

To the extent that Defendant's Motion pertains to the future review of attorney-client privileged legal materials that may be transmitted between either Al Yafie or Al Bihani and their counsel sometime in the future, Defendant's Motion should simply be stayed as premature. Obviously, documents that have not been written yet, that may be mailed to or from Petitioners and their attorneys at an unspecified time in the future, cannot credibly be the subject of an investigation into three detainee suicides that took place several weeks ago.

Respectfully submitted,

Baker & McKenzie, Counsel for Petitioners

By:

/s/George M. Clarke III
George M. Clarke III
(D.C. Bar. No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
t. 202-452-7068